IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,478-01






EX PARTE LEONARD EARL SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN


CAUSE NO. 1993-48-C IN THE 54
TH DISTRICT COURT


OF McLENNAN COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
two counts of delivery of cocaine and his punishment was assessed at confinement for
fifteen years. There was no appeal from these convictions.

 Applicant contends that he has not received credit for time he was out of custody
on parole from 1995 to 2005. The trial court has found that Applicant was released on
parole on February 27, 1995 with a projected expiration date of November 29, 2007, and
that his parole was subsequently revoked based on a parole violator warrant issued on
September 26, 2003. The court concluded that Applicant was not entitled to credit for the
time he was out of custody on parole because on the date the parole violator warrant was
issued he had not served at least one-half of his remaining sentence. However, the
findings show Applicant had approximately 153 months left to serve on these sentences
on the date he was released, and had served approximately 103 months on parole on the
date the parole violator warrant was issued, so had served more than one-half of his
remaining 153 months.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the Criminal Institutions and Parole Divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court shall make additional
findings of fact as to whether Applicant has been denied credit for the period he was out
of custody. If Applicant has been denied credit for the period he was not in custody, the
court shall also determine the reason such credit was denied, including the elements of
any prior conviction deemed to render Applicant ineligible for such credit. Finally, the
trial court shall determine whether Applicant requested this credit from the office of time
credit resolution and the dates any such credit was requested or denied, and should also
make any further findings of fact and conclusions of law which it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: September 13, 2006

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.